## OURLIAN *v.* MAJOR.

1. COVENANTS—PARKS—USE OF SINGLE LOT OWNER FOR SEWAGE DISPOSAL BED FOR SEPTIC TANK.
   The construction and maintenance of a sewage disposal bed and continued use of alley and portion of plat which had been dedicated as a park for benefit of owners of lots in subdivision for such purpose as an adjunct for defendant's septic tank on his individually-owned lot constituted an encroachment on and a violation of the rights of plaintiffs as owners of other lots in the subdivision.

2. SAME—PARKS—SUBSURFACE USE.
   The unambiguous grant of land for use as a park by owners of lots in subdivision did not limit the maintenance of the dedicated land to the surface thereof for purposes of the

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 39 Am Jur, Parks, Squares, and Playgrounds §§ 21, 32.
[3] 54 Am Jur, Trusts § 307.

dedication, the underground use of such land for a sewage disposal bed as an adjunct of a septic tank on an individually-owned lot being an infringement thereof which would affect future improvements on the park as authorized by the dedication.

3. Trusts—Express Trust—Duty of Trustees.

Trustees of an express trust must conform strictly to the directions of the trust and may not rewrite the terms in frustration of the unambiguous intention of the grantor of the trust.

Appeal from Monroe; Golden (Clayton C.), J. Submitted April 15, 1952. (Docket No. 76, Calendar No. 45,428.) Decided May 16, 1952.

Bill by Sam Ourlian and wife against Louis Major, also called Louis Magyar, to restrain using alley and park as sewage bed for septic tank. Decree for plaintiffs. Defendant appeals. Affirmed.

*Francis T. Ready,* for plaintiffs.

*Earl E. Montie,* for defendant.

Boyles, J. Plaintiffs own lots 212 and 214 of Dewey's Summer Homes, a recorded plat in Frenchtown township, Monroe county. The defendant Major (also called Magyar) owns lot 213. During the course of the trial, the board of trustees of the Dewey's Summer Homes Property Owners Association was added as a party defendant and filed an answer. It did not present proofs and has not appealed. Major will be herein referred to as the defendant.

At the rear of said lots 212, 213 and 214 is a park, platted as outlot E, with an alley separating said lots from the park. Plaintiffs filed this bill of complaint in the circuit court for said county to enjoin the defendant using the said alley and park as a

sewage bed for a septic tank on defendant's lot 213. The trial court granted the relief prayed for and the defendant appeals.

The facts are not in dispute. The defendant has constructed a septic tank on his lot 213, placed a disposal pipe across and below the surface of the alley and constructed a seepage bed for his septic tank under outlot E, extending it underground across the width of said park lot. Counsel for the parties have stipulated that the provisions of a certain "declaration of restrictions," recorded in the office of the register of deeds for said county, apply to all lot owners in the subdivision, including the plaintiffs and the defendant. We quote so much of said restrictions as are necessary to decision:

"Now therefore, in consideration of the enhancement of the value of said property to said first parties,* and to afford purchasers from them due and ample protection in the uses and occupancy thereof for the purposes for which it is designed, said first parties hereby declare that said real estate is held by them and will be conveyed by them subject to all of the restrictions, conditions, covenants, charges and agreements, hereinafter set forth, to-wit: * * *

"(11) Said first parties further agree to hold and reserve for park purposes, to be known as Washington, Jefferson, Madison and Jackson Parks, the outlots lettered A, B, C, D, E, F, G and H as shown on said plat and that said lot owners shall have the privilege of using said outlots for park purposes, subject to reasonable rules and regulations, until such time as said outlots are deeded by first parties as herein provided.

"(12) Said first parties further agree that when 80% of the lots shown on said plat are sold and fully paid for and deeds executed and delivered therefor, said first parties will convey by warranty deed to such trustees, association, corporation or per-

* The plattors.

son as a majority of the lot owners shall in writing designate (each lot to have 1 vote) said outlots as aforesaid and said 400-foot beach parcel, said deed to provide that said outlots so conveyed shall be forever maintained as parks, and said 400-foot parcel as a park and bathing beach for the benefit of all the lot owners in said plat, subject to such rules and regulations, and with such improvements as a majority of said lot owners shall determine.   *   *   *

"(15) Said first parties reserve title to the outlots to be used for park purposes and the 400-foot beach parcel until such time as the same may be conveyed as herein provided.

"(16) Said parks and 400-foot beach parcel are for the use of the owners of lots, their families, and guests.   *   *   *

"(19) The rights herein reserved by the first parties for making improvements and care of the streets and parks and beach plot, may at any time be relinquished in whole or in part to a representative of the lot owners who shall be selected by a majority of the lot owners, each lot or the owner thereof having 1 vote.   Such representative shall have the same rights and powers in respect thereto as first parties.   *   *   *

"(21) All the provisions, restrictions, conditions, covenants, agreements and charges herein contained shall run with and bind all of said lots and lands and shall inure to the benefit of, and be enforceable by said first parties and the owner or owners of any of the lots or lands comprised within said plat, and their respective heirs, executors, administrators, successors and asigns, and the failure of first parties or the owner or owners of any of said lots or lands however long continued, to object to any violation or to enforce any provision, restriction, covenant, agreement or change therein contained, shall in no event be deemed a waiver of the right to do so thereafter as to the same breach or as to any breach occurring prior or subsequent thereto."

Subsequently, under section 12, *supra,* the plattors conveyed to trustees, designated by the lot owners, the 400-foot beach parcel (not of importance here), "and also the following for park purposes, to be known as Washington, Jefferson, Madison and Jackson Parks, the outlots lettered A, B, C, D, E, F, G and H as shown on said plat. Also all of the streets, roads, ways, lanes, paths, alleys, easements, right-of-way, and other common grounds shown on the recorded plat of Dewey's Summer Homes. Said outlots so conveyed shall be forever maintained as parks and said 400-foot parcel as a park and bathing beach for the benefit of all the lot owners in said plat. The property conveyed herein to the named trustees shall be held in trust for the use and benefit of the lot owners of the subdivision of Dewey's Summer Homes by said named trustees and their respective successors in office and as to said successors as fully to all intents and purposes as if a conveyance or transfer had place between said named trustees and said respective successors."

We agree with the trial court that the construction and maintenance of a sewage disposal bed and the continued use of said alley and outlot E by the defendant for that purpose as an adjunct to his individually-owned lot 213 is an encroachment on and a violation of the rights of plaintiffs as lot owners, and that it is contrary to the recorded dedication, restrictions and conveyances hereinbefore referred to.

The trustees apparently concluded that their trust powers and duties required them to preserve only the surface of outlot E for its dedicated purposes. The unambiguous language of the trust grant and the restrictions negatives this interpretation as a matter of law.

Plaintiffs' rights have been infringed upon. Defendant's maintenance of a sewage disposal field in the park would affect the lot owners' rights in any future improvements on said outlot E, which are

specifically authorized by the terms of the dedication. The law requires that the trustees conform strictly to the directions of the trust. They may not rewrite their express trust powers in frustration of the unambiguous intention of the grantor of the trust.

Affirmed and remanded for enforcement, with authority to extend the time for enforcement for a reasonable period, with costs to appellees.

NORTH, C. J., and DETHMERS, BUTZEL, CARR, BUSHNELL, SHARPE, and REID, JJ., concurred.